■ In the Matter of the Estate of HENRY FINKLE, Deceased. HELEN F. TAYLOR, as Executrix of HENRY FINKLE, Deceased, Appellant; JEANNE D. McNARY, Respondent.— Appeal from a decree of the Surrogate's Court of Warren County, entered August 22, 1973, which ordered the executrix to deliver a deed to premises under a contract of sale executed by decedent. This is a proceeding brought by respondent pursuant to SCPA 1921 to compel appellant to convey certain property to her. Respondent and decedent were friends for many years and, on May 19, 1967, decedent, by written contract, agreed to sell certain land in Saratoga County to respondent for $1,000. The contract, which was prepared by decedent's wife, provided for low installment payments to run over many years and all taxes to be paid by respondent. The contract further provided that in the event of a default in payment under the agreement, at the option of decedent, "without any notice or demand", the payments made could be regarded as rent and the agreement terminated. Respondent made three payments, none pursuant to the contract, the last of which was made on May 19, 1968, and also paid $10 on account of taxes before decedent died on September 3, 1968. After decedent's death, respondent made repeated efforts to pay the balance due under the agreement, and, being unsuccessful, brought the present proceeding. The property has increased in value since the contract was entered into. The issue presented here is to be determined by the acts of the decedent in relation to the contract during his lifetime, since the record reveals that subsequent thereto respondent has continuously tendered performance. Even though the payments were sporadic and not in compliance with the contract, decedent did nothing during his lifetime to indicate that the agreement was terminated. While decedent had the right to cancel the contract without notice to respondent in the event there

was a default, he also could waive any default and treat the agreement as viable. It is significant that the parties were friends which is evidenced by the lenient terms for payment. We agree with the trial court that some affirmative act indicating decedent's intention to terminate the agreement was necessary. Since the record reveals no such evidence, we conclude that respondent is entitled to a conveyance of the property. We do not agree with appellant's contention that, because respondent's default continued after decedent's death, refusal to accept payments on the contract by the executrix was an affirmative action sufficient to exercise the option to terminate under the contract. Decree affirmed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Main, JJ., concur.