■ In the Matter of the Estate of LEO RAFFERTY, SR., Deceased.— Decree unanimously reversed, without costs, and matter remitted to Cayuga County Surrogate's Court for further proceedings in accordance with the following memorandum: In 1968 the decedent, Leo Rafferty, Sr., and his son, petitioner William Rafferty, entered into a land sale contract whereby petitioner was granted an option to purchase decedent's farm from his executor for $20,000. The contract granted immediate possession of the premises to petitioner and reserved a life use of the farmhouse to decedent. It provided that the "present farm rental shall be continued" until the decedent's death unless sooner terminated by mutual agreement; that taxes and insurance were to be paid pursuant to the "present farm operation on shares"; that petitioner maintain the premises in their present condition; and that if petitioner failed to perform any part of the contract, the executor "shall, immediately after such a failure, have the right to declare the same void". Following the death of the decedent in 1975, his executor refused to accept petitioner's tender of the purchase price and now appeals from a decree directing him to convey the premises to petitioner upon receipt of the $20,000. The executor contends that petitioner failed to comply with the terms of the contract during the lifetime of the decedent in that he failed to make the farm rental payments, did not pay the taxes and insurance in accord with the "present operation of the farm on shares", and did not properly maintain the premises. The executor concludes, therefore, that he is entitled to declare the agreement void. We disagree. Since the alleged breaches occurred prior to the decedent's death, they furnish no basis for termination of the contract by the executor (see *Matter of Finkle,* 44 AD2d 731; *Matter of McKinney,* 175 Misc 377). Nonetheless, if it is established that petitioner failed to make the required payments during decedent's lifetime, such sums are now payable to the estate (see *Matter of McKinney, supra).* Accordingly, a hearing should be held to determine whether petitioner failed to make the payments under the contract. Upon payment of any such sums, along with the purchase price, the executor will be obliged to convey the premises to petitioner. We have reviewed the remaining contentions of the executor and find them to lack merit. (Appeal

from decree of Cayuga County Surrogate's Court—compel conveyance.) Present—Marsh, P. J., Moule, Simons, Dillon and Hancock, Jr., JJ.